UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| In Re: | ) | BK No.: 21-07043 |
| 5035 N. LINCOLN AVENUE, LLC, | ) | |
| | ) | Chapter: 11 |
| | ) | Honorable LaShonda Hunt |
| | ) | |
| | ) | |
| Debtor(s) | ) | |

**FINAL ORDER GRANTING MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING 5035 N. LINCOLN AVENUE, LLC TO OBTAIN POSTPETITION FINANCING FROM YL CHICAGO FUND, LLC; (II) GRANTING A LIEN AND SUPERPRIORITY ADMINISTRATIVE CLAIM; AND (III) GRANTING RELATED RELIEF**

This matter coming to be heard on the continued motion (the "Motion," and all undefined terms herein having the meanings set forth in the Motion) of 5035 N. Lincoln Avenue, LLC, debtor and debtor in possession ("5035" or the "Debtor"), pursuant to 11 U.S.C. § 364(c) Fed. R. Bankr. P. 4001(c), 9006(d) and 9014, and Local Bankruptcy Rule 4001-2, for the entry of an order (i) authorizing the Debtor to obtain up to $100,000 of postpetition financing from YL Chicago Fund, LLC ("YL"); (ii) granting a lien on all of the Debtor's assets, including postpetition causes of action, but excluding the four parcels of real property commonly known as 5035 N. Lincoln Avenue, Chicago, Illinois (the "Property"), and subject to any perfected liens existing as of the Petition Date, and granting a superpriority administrative claim to YL on account of money loaned; and (iii) granting related relief;

THE COURT HEREBY FINDS THAT:

A. The Debtor needs to obtain Postpetition Financing in order to maximize the value of the Property for the benefit of its creditors.

B. The Debtor is unable to obtain credit without the granting of a lien under §§ 364(c)(2) and 364(c)(3) of the Bankruptcy Code and a superpriority administrative status allowable under § 364(c)(1) of the Bankruptcy Code.

C. The terms and conditions of the Promissory Note are fair and reasonable, the best available to 5035 under the circumstances, reflect the Debtor's exercise of prudent business judgment consistent with its fiduciary duties, and are supported by reasonably equivalent value and consideration.

D. Under the circumstances of the Debtor's case, this Order is fair and reasonable, and the entry of this Order is in the best interest of the Debtor's estate and its creditors.

E. The notice provided by the Debtor of the Motion, the hearing on the Motion, and the entry of this Order satisfies the requirements of Bankruptcy Rules 4001(c), 9006(d) and 9014 and section 364(c) of the Bankruptcy Code, and is otherwise sufficient and appropriate under the circumstances.

WHEREFORE, IT IS HEREBY ORDERED THAT:

1. The Motion is granted.

2. 5035 is authorized to incur the Postpetition Financing, including, without limitation, the following:

      a. Postpetition Documents.  The Debtor is authorized and has agreed to: (i) execute the Promissory Note, the Loan Agreement and any other document reasonably necessary or desirable to implement the transactions contemplated by the Promissory Note; and (ii) perform its obligations under, and comply with, all of the terms and provisions of the Promissory Note, the Loan Agreement and this Order.

      b. Upon execution and delivery thereof, the Promissory Note and the Loan Agreement will constitute valid and binding obligations of the Debtor's estate enforceable in accordance with their terms. To the extent that there are any conflicts among the terms of the Motion, the Promissory Note, the Loan Agreement and this Order, this Order will govern and control.

      c. Certain Additional Material Terms of Postpetition Financing.

        i. Maximum Amount Allowed. The principal amount of Postpetition Financing outstanding under the Promissory Note may not at any time exceed $100,000 without further order of the Court.

        ii. Interest. The Postpetition Financing will bear interest at the rate of 4.0% per annum.

        iii. Maturity. The Postpetition Financing will mature and become due and payable in full by the Debtor's estate one year from the issuance of the Promissory Note but may be prepaid in whole or part, at any time, without penalty or YL's consent.

      d. YL is hereby granted a lien, pursuant to sections 364(c)(2) and 364(c)(3) of the Bankruptcy Code, on all of the Debtor's assets, including postpetition causes of action, but excluding the Property and subject to any perfected liens existing as of the Petition Date.

      e. The claim of YL for all amounts advanced to 5035 under the Postpetition Financing and due and owing under the Promissory Note is hereby granted superpriority administrative expense status against the Debtor's estate under section 364(c)(1) of the Bankruptcy Code, with priority over all costs and expenses of administration of the Debtor's case that are incurred under any provision of the Bankruptcy Code.

  3. Binding Effect. This Order is binding on all parties in interest in the case and their respective successors and assigns.

  4. If, in accordance with section 364(e) of the Bankruptcy Code, this Order does not become a final nonappealable order or if any of the provisions of this Order are hereafter modified, amended, vacated, or stayed by any subsequent order of this Court or any other court, such termination or subsequent order will not affect: (a) the stipulations, representations, and findings contained in this Order and the relief granted by this Order; and (b) the postpetition debt incurred, prior to the effective date of such termination or subsequent order.

  5.  Except as otherwise explicitly set forth in this Order, no third party is intended to be, or may be deemed to be, a third party beneficiary of this Order.

  6.  Survival. The provisions of this Order, and any actions taken pursuant to or in reliance upon the terms hereof, will survive entry of, and govern in the event of any conflict with, any order that may be entered in the case: (a) dismissing any of the above-captioned bankruptcy case (the "Case"), (b)

withdrawing of the reference of the Case from the Court, or (c) providing for abstention from handling or retaining of jurisdiction of the Case in the Court. The terms and provisions of this Order, including, without limitation, the rights granted to YL under 11 U.S.C. § 364(c), will continue in full force and effect until all of the postpetition debt is indeasibly paid in full in cash and discharged.

7. This final order supersedes the interim order for relief entered on August 5, 2021 (Dkt. 49).

Enter: *LaShonda A. Hunt*

Honorable LaShonda A. Hunt
United States Bankruptcy Judge

Dated: September 16, 2021

**Prepared by:**

Mark L. Radtke
Cozen O'Connor
123 North Wacker Drive
Suite 1800
Chicago, Illinois 60606
Phone: (312) 474-1649